United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| KAI LU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VIVENTE 1, INC.,<br><br>　　　　Defendant. | Case No.  23-cv-02799-BLF<br><br>**ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>[Re: ECF No. 14] |

On June 21, 2023, Plaintiff filed an "Ex Parte Motion for Reconsideration of Denial of Temporary Restraining Order." ECF No. 14 ("Mot."). Under the Civil Local Rules for the Northern District of California, a party needs leave of Court to file a motion for reconsideration. *See* Civ. L.R. 7-9(a). The Court will treat this motion as a motion for leave to file a motion for reconsideration.

Under the Civil Local Rules, a party moving for leave to file a motion for reconsideration must show reasonable diligence and one of the following three conditions:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

None of these three conditions is met here. First, Plaintiff does not point to any material

difference in fact or law from what was presented to the Court before entry of the temporary restraining order. *See* Mot. Second, Plaintiff does not show that any new material facts emerged, nor does she argue any change in law. *See id.* Plaintiff does argue that "new evidence, which fundamentally challenges the authenticity and veracity of the Defendant's declaration regarding provided accommodations, has come to light since the Court's previous decision." *Id.* at 7. But Plaintiff does not identify any such "new evidence" that would pertain to material facts that has only emerged since the date of the Court's June 12, 2023 Order. Instead, Plaintiff's declaration asserts forgery of documents in March 2022 and denial of rights predating the state court eviction proceedings in 2022. *Id.* at 8. And finally, Plaintiff does not suggest that the Court failed to consider any material facts or dispositive legal arguments that were presented to the Court before entry of the temporary restraining order. *See id.* The Court therefore DENIES leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: June 22, 2023

_____
BETH LABSON FREEMAN
United States District Judge

2